# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARLIS O'LEARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 5558 |
| | ) |
| WILL COUNTY SHERIFF'S OFFICE, and | ) |
| PAUL KAUPAS, in his official capacity | ) |
| as Sheriff of Will County, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Marlis O'Leary ("O'Leary") filed a two-count complaint alleging causes of action under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, and the Illinois Freedom of Information Act ("FOIA"). (R. 1, Compl.) Specifically O'Leary alleges retaliation under Title VII (Count I) and seeks injunctive and declaratory relief under FOIA (Count II). Defendants filed a motion to dismiss her Complaint for failure to state a claim. (R. 10, Mot.) For the following reasons, the Court grants Defendants' motion in part and denies it in part.

## BACKGROUND

Plaintiff makes the following allegations in her Complaint, which the Court accepts as true for purposes of this motion.

Plaintiff Marlis O'Leary worked for the Will County Sheriff's Office (the "Sheriff's Office") as a correctional officer from March 18, 2006 until she went on medical leave on June 27, 2007. (Compl. ¶¶ 11-12.) During O'Leary's employment, co-workers subjected her to "severe and debilitating" sexual harassment. (*Id.* ¶¶ 13-14.) O'Leary filed charges of sexual

harassment and retaliation with the EEOC in July and September 2007. (*Id*. ¶ 15.) On December 18, 2008, O'Leary filed a federal lawsuit, case no. 08-7246, in the Northern District of Illinois, currently pending before Judge Kocoras. (*Id*. ¶ 16.) In January 2012, Judge Kocoras granted summary judgment in favor of the Sheriff's Office on O'Leary's retaliation claim.[1] (Mot. at 2; R. 10-1, Mot. Ex. A.) Judge Kocoras denied summary judgment with respect to O'Leary's sexual harassment claim and supervisor liability claims. (*Id*.) Judge Kocoras set those claims for a jury trial on February 19, 2013. *See O'Leary v. Kaupas, et al.*, No. 08-7246, R. 331 (N.D. Ill. Nov. 28, 2012).

In November or December 2009, O'Leary experienced harassment at her home. (Compl. ¶ 18.) Specifically, two correctional officers repeatedly drove their cars past her home; one or more unidentified persons threw snowballs at her house; and, on one occasion, O'Leary found a man in a black hoodie with "Sheriff" written on the back rummaging around the side of her house. (*Id*.) When O'Leary called the Sheriff's Office's counsel to complain about these incidents, counsel told her that if she dismissed the case in front of Judge Kocoras "all this would stop." (*Id*. ¶ 19.)

At some point before March 2010, counsel for the Sheriff's Office hired Insight Group, a private investigation firm, to follow O'Leary, monitor her home, photograph her family, videotape her actions, place repeated hang-up calls to her home, and knock on her door and run away. (*Id*. ¶¶ 21-26.) The Sheriff's Office provided the Insight Group with information from

---

[1] It should be noted that O'Leary's retaliation claims in her 2008 lawsuit differ from those alleged here. Specifically, in the 2008 suit, O'Leary alleges that she made complaints up the chain at the Sheriff's Office regarding sexual harassment she endured, and consequently she faced retaliation in the form of changed work assignments, heightened scrutiny and criticism by her supervisors, and unfair discipline. *See O'Leary v. Kaupas, et al.*, No. 08-7246, R. 1 ¶ 18 (N.D. Ill. Nov. 28, 2012).

O'Leary's personnel file, such as her telephone number and address, as well as documents from the personnel file of her finance, Scott Carey. (*Id.* ¶ 22.)

In April and May 2010, O'Leary made two FOIA requests to the Sheriff's Office. (*Id.* ¶¶ 41-42, 45.) In her first request, O'Leary sought copies of: (1) all documents regarding any pre-employment testing; (2) all documents sent to or received from O'Leary's neighbors or references during the pre-employment process; and (3) all notes, letters, and statements provided by any reference or neighbor as part of the pre-employment certification process. (*Id.* ¶ 42.) The Sheriff's Office denied this request on grounds that the information was protected under 5 ILCS 140/7(1)(q). (*Id.* ¶ 43.) O'Leary's second request sought a copy of the Sheriff's Office's harassment log book from 2000 to 2009. (*Id.* ¶ 45.) The Sheriff's Office denied this request claiming it "relates to a public body's adjudication of employee grievances" and was therefore exempt under 5 ILCS 140/7(1)(n). (*Id.* ¶¶ 47-48.)

In June 2010, O'Leary filed a Charge of Discrimination alleging that the Sheriff's Office had retaliated against her by hiring private investigators to monitor her and her family. (R. 1-1, Compl. Ex. A.) In September 2010, O'Leary found a picture of eight correctional officers, including one of the officers who previously drove by her house, underneath the windshield of her car. (*Id.* ¶ 28.)

The Sheriff's Office terminated her employment on March 30, 2012. (*Id.* ¶ 12.) The EEOC sent O'Leary a Right to Sue Letter on April 12, 2012 based on her June 2010 Charge of Discrimination. (*Id.*) She filed the current lawsuit on July 16, 2012.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge*

*No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## ANALYSIS

"Employers are prohibited from punishing employees for complaining about discrimination or other practices that violate Title VII." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a)). Notably, the Supreme Court has held that the anti-retaliation provision within Title VII includes retaliatory actions and harms occurring outside the workplace. *See Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66, 126 S. Ct. 2405, 2414, 165 L. Ed. 2d 345 (2006) (citing *Rochon v. Gonzales*, 438

F.3d 1211, 1213 (D.C. Cir. 2006) (finding the FBI's failure to investigate death threats made against an FBI agent and his wife constituted retaliation under Title VII); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984, 986 (10th Cir. 1996) (concluding that employer's determining employer's filing of false criminal charges against employee who complained of discrimination was sufficient act of retaliation)); *see also Thomas v. Potter,* 202 Fed. Appx. 118, 119 (7th Cir. 2006) (recognizing that after *Burlington* "the anti-retaliation provision of Title VII is not limited to actions that materially affect the terms and conditions of employment, but rather an employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm outside the workplace.").

O'Leary specifically alleges that her former employer, the Will County Sheriff's Office and Sheriff Paul Kapaus, in his official capacity, retaliated against her based on charges she filed with the EEOC against the Sheriff's Office and a federal lawsuit she filed in 2008. Defendants argue that none of the alleged retaliatory acts are actionable as they are either beyond the scope of O'Leary's EEOC charges or are acts Defendants undertook in the course of discovery in O'Leary's other pending lawsuit. (Mot. at 1.) Furthermore, Defendants urge the Court not to exercise supplemental jurisdiction over the state law claim (Count II) because it is factually distinct from the Title VII claim. (*Id.* at 2.)

## I. Count I - Title VII Allegations

### A. Allegations in Paragraph 18

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Defendants, therefore, argue that O'Leary cannot bring the allegations in Paragraph 18 of the Complaint because she did not include them in her 2010 Charge of Discrimination to the EEOC

and they are not reasonably related to the allegations in that EEOC charge. (Mot. at 5.) In Paragraph 18, O'Leary alleges that:

> In November or December 2009, Plaintiff was being harassed at her home. For example, Defendants' Correctional Officers Mike Harkins, one of the sexual harassers named in Plaintiff's Complaint, and Vincent Perillo drove repeatedly past her house; snow balls were being thrown against her home's windows at night; and on one occasion, Plaintiff came home and saw a man wearing a black hoodie with "Sheriff" written across the back rummaging around the side of her house.

(Compl. ¶ 18.) By comparison, the only retaliatory acts O'Leary alleged in her EEOC charge involve the acts of the private investigators hired by the Sheriff's Office. (Compl. Ex. A.) Specifically, in her EEOC charge she alleged:

- "That Respondent harassed [her] and subjected [her] to various retaliation, including hiring at least two men to spy on [her] and [her] family.

- "That Respondent provided these men with her telephone number and address."

- "That Respondent, through these men, repeatedly called [her] home and hung up."

- "That Respondent, through these men, trespassed on [her] property, rummaged through [her] trash and knocked on [her] front door and retreated before [she] could answer."

- "That Respondent, through these men, photographed and videotaped [her] minor child and [her] without [her] knowledge or consent."

- "That Respondent, through these men, followed [her] on March 11, 12, 13, 14, 15, 17, and 20, 2010."

- "That Respondent, through these men, parked outside of [her] home and conducted surveillance of [her] home on March 11, 12, 13, 14, 15, 17, and 20, 2010."

(*Id.*)

O'Leary argues that the claims in Paragraph 18 are inherently "like or reasonably related" to her EEOC charges because "[she] filed a charge of discrimination for retaliation and is still alleging retaliation." (Resp. at 8.) In the Seventh Circuit, courts apply a two-part test for

determining whether an EEOC charge encompasses the claims in a complaint. First, claims in a complaint must be "like or reasonably related to" the allegations of the EEOC charge. *See Cheek,* 31 F.3d at 500. Second, "claims in the complaint [must] reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id*. "At a minimum, the Complaint filed in the district court and the charge filed with the EEOC must describe the same circumstances and participants." *Johnson v. Zion School Dist. No. 6*, No. 12 C 5067, 2012 WL 6727406, at *3 (N.D. Ill. Dec. 28, 2012)*; Conner v. Ill. Dep't. of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005).

The allegations in Paragraph 18 are not "like or reasonably related" to O'Leary's EEOC charge, however, as they involve different people, namely officers or unidentified people rather than investigators who the Sheriff's Officer had not yet hired at that time. These allegations also involve wholly different conduct than the investigators' surveillance, which the EEOC charge describes. *See, e.g.*, *Sitar*, 344 F.3d at 727 (finding that claims are reasonably related to EEOC allegations if they are "so related and intertwined in time, people, and substance that to ignore the relationship for strict and technical application of the rule would subvert the liberal remedial purposes of the Act.") Specifically, in her EEOC charge, O'Leary alleged that the Sheriff's Office hired "at least two men to spy on [O'Leary and her] family" and that the Sheriff's Office "through these men" took certain retaliatory actions. (*Id*.) In her EEOC charge, O'Leary made no mention of the additional allegations in Paragraph 18 of her Complaint relating to officers driving by her home, some person or persons throwing snowballs at her house, and a man in a "Sheriff" hoodie rummaging around the side of her house. (Compl. ¶ 18.) Indeed, even a liberal reading of the EEOC charge does not save the allegations in Paragraph 18 as O'Leary explicitly tied the conduct in her EEOC complaint to actions taken by the men (i.e. the investigators) hired

by the Sheriff's Office. *See Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."). The Court, therefore, dismisses these claims.

      B.      **Allegations Relating to Actions By the Private Investigators**

Defendants further argue that the acts by the private investigators cannot form the basis of a Title VII claim because they were done for the purposes of investigating possible defenses in O'Leary's prior lawsuit.[2] (Mot. at 7-8; *see also Steffes v. Stepan Co.,* 144 F.3d 1070, 1074 (7th Cir. 1998) (finding that "it will be the rare case in which conduct occurring within the scope of litigation constitutes retaliation prohibited by these statutes").)

O'Leary argues that Defendants' "litigation privilege" argument is premature as a plaintiff is not required to anticipate and defeat defenses in her complaint. (Resp. at 10.) Although O'Leary mischarcaterizes Defendants' argument as relying on the "litigation privilege,"
which protects attorneys and their clients from liability for communications or statements made as part of a judicial proceeding, she is correct that she need not counter all potential defenses in her Complaint. *See Horowitz v. Animal Emerg. & Treatment Centers of Chi., LLC*, No. 12 C 2561, 2012 WL 3598807, at *5 (N.D. Ill. Aug. 20, 2012) (discussing the litigation privilege in Illinois); *see also Steffes,* 144 F.3d at 1074 ("In essence, the absolute litigation privilege affords immunity to attorneys (and other participants in the judicial process) from tort liability arising

---

[2] In their reply brief, Defendants attempt to assert a new argument, namely that O'Leary needed to bring the allegations relating to the private investigations to the attention of Judge Kocoras rather than filing a new retaliation lawsuit. (R. 14, Reply at 1-2.) Defendants, however, waived this argument by raising for the first time in its reply brief. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012); *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012).

out of statements made in connection with litigation.").

Additionally, this is not a case where the plaintiff has pled herself out of court. *See, e.g., Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *see also Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006) (observing that it is "irregular" to dismiss a complaint on the basis of an affirmative defense such as the statute of limitations, unless "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"). O'Leary's Complaint does allege that she filed the 2008 lawsuit and that the Sheriff's Office hired private investigators responsible for much of the harassment alleged in the Complaint. O'Leary does not, however, plead facts to sufficiently show that the actions of the investigators related to legitimate investigation necessary to pursue defenses for the pending 2008 lawsuit. Indeed, Defendants analogize the investigators' actions, which included monitoring, videotaping, photographing, and calling and hanging up on O'Leary, to surveillance of a plaintiff in a personal injury case to build a "day-in-the-life" video. (Mot. at 8.) Perhaps some behavior-monitoring would be warranted to defend against O'Leary's allegations that she suffered emotional damage as a result of the actions alleged in the 2008 lawsuit. It is unclear, however, from the face of the Complaint, or even from Defendants' motion, that all of the alleged actions by the investigators sufficiently relate to the discovery process and do not constitute retaliation. As a result, O'Leary has not pled her way out of a claim based on a defense the Defendants might pursue at a later stage of litigation that the actions at issue constitute investigatory efforts that cannot constitute grounds for liability. Furthermore, the validity of that defense is not properly before the Court at this stage of the case.

C.  **Allegation Regarding the Photograph of the Sheriffs**

Defendants also argue that O'Leary's allegation that someone left a photograph of eight correctional officers on her windshield does not constitute retaliation because she failed to allege who left the photograph or any knowledge or acquiescence on the part of the Sheriff's Office. (Mot. at 8-9.) The Court disagrees.

O'Leary alleges that the leaving of the photograph "was designed to intimidate and frighten her" and, along with the other actions in the Complaint, was part of a pattern of retaliation by the Sheriff's Office to punish and intimidate her. (Compl. ¶¶ 28, 32, 36.) Drawing all possible inferences in O'Leary's favor, she sufficiently has alleged that the Sheriff's Office carried out, had knowledge, or acquiesced in this behavior, as with the other behavior in the Complaint, even though she did not use those precise words. Moreover, she states that the photograph depicted eight correctional officers, including one of the officers who drove repeatedly by her home to harass her. (*Id.* ¶ 18, 28.) Such allegations "give Defendants fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555.

Defendants alternatively argue that because O'Leary failed to include the photograph allegation in her EEOC charge she cannot assert it now. (Mot. 9-10; *see also* Compl. Ex. A.) As discussed above, a plaintiff cannot bring claims in a federal suit that she did not include in an EEOC charge. *See Conner,* 413 F.3d at 680*; Cheek*, 31 F.3d at 500. "But an exception to the exhaustion rule provides that a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge." *Fentress v. Potter*, No. 09 C 2231, 2012 WL 1577504, at *2 (N.D. Ill. May 4, 2012); *see also Holman v. Revere Elec. Supply Co.,*

154 Fed. Appx. 501, 504 (7th Cir. 2005) ("Plaintiffs need not file an amended charge of retaliation where the catalyst for the retaliation was the filing of the original charge."); *Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs,* 343 F.3d 897, 898 (7th Cir. 2003)) (internal quotations omitted); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989) ("[W]e join the other circuits that have spoken to the question in adopting the rule that a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge.")

This incident with the photograph occurred in September 2010, approximately four months after O'Leary filed her EEOC Charge of Discrimination in June 2010. (Compl. ¶ 28, Ex. A.) Viewing the allegations in favor of O'Leary, her Complaint supports a claim that the Sheriff's Office took this action in retaliation for the June 2010 EEOC charge, which would not require a separate EEOC filing. Moreover, O'Leary submitted the photograph as evidence in support of her charge of discrimination. (Resp. Ex. C.)[3] The Court, therefore, finds Defendants' arguments regarding the photograph fail.

### D. Denial of FOIA Requests

Finally, Defendants argue that O'Leary's allegations regarding her FOIA requests fail to state a Title VII claim because she does not causally connect the denials of her requests to her

---

[3] On Rule 12(b(6) motion, the Court's "consideration of matters outside the pleadings is not generally permitted," unless the Court converts the motion into one for summary judgment pursuant to Rule 12(d). *See McIntyre v. McCaslin*, No. 11 C 50119, 2011 WL 6102047, at *4 (N.D. Ill. Dec.7, 2011) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). The Court, may, however," take judicial notice of documents in the public record . . . without converting a motion to dismiss into a motion for summary judgment." *Pugh v. Tribune Co.*, 521 F.3d 686, 691 (7th Cir. 2008). The Court, therefore, may take notice of the contents of Exhibit C to O'Leary's response for the purpose of determining what submissions O'Leary made to the EEOC as it is a publically available document she received via a FOIA request. (Resp. at 2, n. 1.)

filing of the 2008 lawsuit. (Mot. at 10.) The Court agrees with O'Leary that this argument "impermissibly ask[s] the Court to weigh inferences and make factual findings" not appropriate at the motion to dismiss stage. (Resp. at 14.)

Moreover, although O'Leary filed her lawsuit in 2008, that suit is still pending. Defendants attempt to attenuate the alleged retaliatory actions by linking them to the 2008 filing of the suit rather than to "her opposition to unlawful discrimination and participation in her Title VII lawsuit," both of which are currently ongoing. (*Id*.) Indeed, O'Leary's allegations include retaliation for maintaining, not just filing, a Title VII suit, as demonstrated by the fact that the Sheriff's Office counsel told O'Leary that harassing behavior would cease if she dropped the ongoing 2008 lawsuit. (Compl. ¶ 19.) O'Leary also alleges that Defendants' conduct stemmed from her filing of a charge of discrimination with the EEOC as well as a Title VII lawsuit. (*Id*. ¶¶ 15-16, 33). Viewing the facts in the light most favorable to O'Leary, such allegations rise above the level of mere speculation of a claim, as required by Rule 8. *Twombly*, 550 U.S. at 555.

Furthermore, O'Leary may attempt to show retaliation through indirect evidence, rather than direct evidence, which does not require proof of a causal connection. *See Burks v. Wis. Dept. of Transp.,* 464 F.3d 744, 759 (7th Cir. 2006). Indeed, under the indirect approach, a plaintiff must establish a prima facie case of retaliation by showing: (1) that plaintiff engaged in protected activity; (2) that plaintiff was subject to an adverse employment action; (3) that plaintiff was performing her job satisfactorily; and (4) that no similarly situated employee who did not engage in protected activity suffered an adverse employment action. *Id*. Defendants' argument that O'Leary has not sufficiently pled a causal connection, therefore, fails.

O'Leary's failure to include her allegations regarding the Sheriff's Office's denial of her FOIA requests in any EEOC charge is also not fatal to her claim. As discussed above relating to the photograph, the Seventh Circuit recognizes an exception to the rule that a plaintiff must first include all allegations in an EEOC charge if the retaliation occurs because of and after the filing of the charge. Defendants briefly attempt to argue that any such an exception does not apply to O'Leary because she "alleges the FOIA denials were retaliation from her first lawsuit, not this lawsuit or the June 2010 Charge underlying it." (Reply at 13.) O'Leary, however, more broadly alleges that Defendants denied her FOIA requests "in retaliation for her opposition to unlawful discrimination and participation in her Title VII lawsuit." (Compl. ¶ 29.) O'Leary, therefore, does not limit her allegations to just the 2008 lawsuit, but avers more generally that the Defendants retaliated in response to her opposition to their unlawful discrimination. Taking these allegations in the light most favorable to O'Leary, her claim may include retaliation based on any of her EEOC filings or steps taken to protect her rights. O'Leary, therefore, has sufficiently pled facts to support an allegation of retaliation falling within the Seventh Circuit's exception to the exhaustion requirement. *See, e.g., Horton*, 343 F.3d at 898.

## II. Count II - FOIA State Law Claim

Defendants argue that the Court should not continue to exercise supplemental jurisdiction over the state law FOIA claims in Count II if it dismisses the related federal claims. (Mot. at 11 (citing 28 U.S.C. § 1367(c)(3).) As discussed above, the Court does not dismiss those related claims. This argument, therefore, is moot.

Defendants also argue, without legal citation, that the Court should refrain from asserting jurisdiction over Count II because it is factually distinct from the Title VII claims in Count I.

(*Id*.) Under 28 U.S.C. § 1367(a), a "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As the Seventh Circuit has observed, "federal courts may exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact[.]' " *Hansen v. Bd. of Trs. of Hamilton S.E. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Taking as true the well-pleaded allegations of the Complaint, to address both Counts I and II, the Court will need to assess whether Defendants had a valid reason under Illinois law to deny O'Leary's FOIA requests. The Court, therefore, will assert supplemental jurisdiction over the state law claim in Count II.

### III.     Sheriff Kaupas As a Defendant In His Official Capacity

Defendants argue that joining Sheriff Kaupas in his official capacity is duplicative because it is equivalent to a claim against the Will County Sheriff's Office, which is already a defendant. (Mot. at 12.) "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). Notably, O'Leary has not offered any argument to counter Defendants' position on this issue. The Court dismisses Sheriff Kapuas as a defendant, with prejudice. *See, e.g.*, *Day v. River Forest School Dist.*, No. 10 CV 4426, 2011 WL 1004611, at *3 (N.D. Ill. Mar. 17, 2011) ("However, in the interests of efficiency, the court notes that the § 1983 official capacity claims against the individuals are duplicative of the § 1983 claim against the school district itself and,

therefore, are subject to dismissal with prejudice."); *Florek v. Village of Mundelein*, No. 05 C 6402, 2010 WL 1335526, at *4 (N.D. Ill. Mar. 31, 2010) (dismissing claims against police chief in his official capacity because they were redundant of plaintiff's claims against the municipality).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss Count I as to the allegations in Paragraph 18 only, with prejudice, and denies the motion as to Count II, without prejudice. Furthermore, the Court dismisses Sheriff Kaupas as a Defendant.

**DATED: January 15, 2013**

                                       **ENTERED**

                                       *[signature]*

                                       **AMY J. ST. EVE**
                                       **United States District Court Judge**